1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WAYLAND DEE KIRKLAND,

11              Plaintiff,                    No. CIV S-00-1331 DFL KJM P

12        vs.

13   STRAUSS, et al.,

14              Defendants.              ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil

17   rights under 42 U.S.C. § 1983.  Several matters are before the court.

18   1.  Plaintiff's November 15, 2004 Motion To Compel

19        On November 15, 2004, plaintiff filed a motion asking that the court compel

20   defendants to produce certain items and answer certain interrogatories in more detail.  On April

21   7, 2003, the parties were informed that discovery would close on August 1, 2003 and that any

22   motions to compel had to be filed by that date.  Plaintiff filed several motions to compel before

23   the discovery cut-off, which were ruled upon by this court on March 31, 2004.  In that order, the

24   court did compel defendants to provide plaintiff with certain items by April 30, 2004.  See Order

25   filed March 31, 2004 (Docket #111).

26   /////

1    To the extent plaintiff asks in his motion that defendants be compelled to

2  complete discovery with respect to matters not discussed in the March 31, 2004 order, plaintiff's

3  request is not timely.  To the extent plaintiff seeks reconsideration of the March 31, 2004 order,

4  the motion also is not timely.  See Local Rule 72-303(b).  Finally, plaintiff's motion to compel

5  also is not timely with respect to matters addressed in the March 31, 2004 order because plaintiff

6  waited six-and-a-half months after defendants were supposed to have complied with the March

7  31, 2004 order to bring yet another motion to compel.[1]  Plaintiff has not presented a reasonable

8  explanation as to why he waited so long to bring his motion.[2]  His motion to compel will be

9  denied.[3]

10  2.  Plaintiff's November 15, 2004 Request For The Appointment Of Counsel

11    At the end of his motion to compel, plaintiff requests the appointment of counsel.

12  The United States Supreme Court has ruled that district courts lack authority to require counsel

13  to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

14  296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

15  assistance of counsel under 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th

16  Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case,

17  the court does not find the required exceptional circumstances.  Plaintiff's request for the

18  ————————————

19    [1]  The court qualifies this statement in the following respect:  Defendants were not
ordered to turn over two items referenced  in the March 31, 2004 order as subject to in camera

20  review until November 17, 2004, after plaintiff's motion to compel was filed.  See Orders filed
August 12, 2004 (Docket #115) and November 17, 2004 (Docket #132).  To the extent plaintiff

21  asked that the court compel defendants to produce those items in his November 15, 2004 motion,
plaintiff's motion was premature.

22    [2]  In his reply to defendants' opposition, plaintiff indicates he was without his "legal files
in this case until about 10-25-04," Reply at 2:4-8, apparently because he was incarcerated again

23  on July 23, 2004.  Plaintiff does not provide any meaningful detail as to why he did not file his
motion before being reincarcerated, or why he was unable to file a motion until nearly four

24  months after reincarceration.

25    [3]  The denial, of course, will be without prejudice to plaintiff's filing of a proper motion
in limine before the trial judge, to the extent he is able to do so and comply with Federal Rule of

26  Civil Procedure 11.

1 | appointment of counsel therefore will be denied.

2 | 3. <u>Plaintiff's February 22, 2005 Motion To Compel</u>

3 |         The subject matter of this motion is similar to that of plaintiff's November 15,

4 | 2004 motion.  For the reasons set forth in section one above, plaintiff's February 22, 2005 motion

5 | will be denied.

6 | 4. <u>Miscellaneous</u>

7 |         The court notes that both parties have filed pretrial statements, but these

8 | statements were filed before defendants were ordered to produce further information to plaintiff

9 | on March 31, 2004 and November 17, 2004.  Good cause appearing, plaintiff will be given thirty

10 | days leave to file an amended pretrial statement.  Defendants shall file their amended pretrial

11 | statement within fifteen days after plaintiff files his amended statement, if any.

12 |         As noted above, discovery in this matter is closed.  If plaintiff files any further

13 | motions to compel, or any other frivolous motions, he risks being sanctioned, possibly with

14 | dismissal.

15 | /////

16 | /////

17 | /////

18 | /////

19 | /////

20 | /////

21 | /////

22 | /////

23 | /////

24 | /////

25 | /////

26 | /////

1        In accordance with the above , IT IS HEREBY ORDERED that:

2        1.  Plaintiff's November 15, 2004 motion to compel discovery is denied;

3        2.  Plaintiff's November 15, 2004 request for the appointment of counsel is

4  denied;

5        3.  Plaintiff's February 22, 2005 motion to compel discovery is denied;

6        4.  Plaintiff is granted thirty days within which to file and serve an amended

7  pretrial statement; and

8        5.  Defendants shall file and serve their amended pretrial statement within fifteen

9  days thereafter.

10  DATED:  September 29, 2005.

11

12

13  UNITED STATES MAGISTRATE JUDGE

14

15  1/kirk1331.mtc

16

17

18

19

20

21

22

23

24

25

26