IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYLAND DEE KIRKLAND,

    Plaintiff,                    No. CIV S-00-1331 DFL KJM P

  vs.

STRAUSS, et al.

    Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On November 17, 2005, the court ordered plaintiff to file an amended pretrial statement within thirty days. Plaintiff has asked for a nine-month extension of time to file his amended pretrial statement. Plaintiff has not shown cause for granting a nine-month extension. Plaintiff will be granted thirty more days within which to file his amended pretrial statement. No further extensions of time will be granted.

        Plaintiff also requests that the court mail him a copy of his original pretrial statement and a copy of the local rules of this court. The Court does not provide copies of documents to parties. Copies of documents may be obtained from Attorney's Diversified Services (ADS): 1424 21st Street, Sacramento, CA 95814. Their phone number is 916-441-4396. Plaintiff may obtain a copy of the local rules by sending a self-addressed envelope with

1

proper postage ($3.95) to the Clerk of the Court along with a letter requesting a copy of the local rules.

Plaintiff asks that the undersigned recuse herself. Plaintiff's primary basis for seeking recusal is adverse rulings. This is not an adequate basis for recusal. <u>Kulas v. Flores</u>, 255 F.3d 780, 787 (9th Cir. 2001). In any case, plaintiff has failed to provide any adequate basis for recusal. <u>See</u> 28 U.S.C. § 455. His request will be denied.

Plaintiff asks that if this matter proceed to trial, that it be tried in the United States District Court for the Northern District of California "because Sacramento is too politically motivated to try such a case as this impartially." December 13, 2005 Mot. to Disqualify at 2:19-21. There is no evidence in support of this. Plaintiff's request for change of venue will be denied.

Finally, plaintiff asks for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 13, 2005 request for a nine-month extension of time to file his pretrial statement is denied.

2. Plaintiff shall file his amended pretrial statement within thirty days of this order.

3. Defendants shall file an amended pretrial statement within fifteen days of service of plaintiff's pretrial statement.

1 | 4. Plaintiff's request that the court send him copies of the local rules of this court
2 | and his pretrial statement is denied.
3 | 5. Plaintiff's December 13, 2005 request that the undersigned recuse is denied.
4 | 6. Plaintiff's December 13, 2005 request for a change of venue for trial is denied.
5 | 7. Plaintiff's December 13, 2005 request for the appointment of counsel is
6 | denied.
7 | DATED: March 22, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
kirk1331.36